UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL ICE TATE, | Case No. 23-CV-0708 (NEB/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| C. LEPE, Warden, | |
| Respondent. | |

Petitioner Michael Ice Tate is a prisoner of the Federal Correctional Institution in Florence, Colorado. In this habeas corpus proceeding, Mr. Tate asserts that "President Biden pas[sed] a law say'en anyone locked-up during Covid shall rec[e]ive a one-year reduction off their sentence," Petition at 6 [Dkt. No. 1], and he asks the Court to force the Federal Bureau of Prisons to recognize that his release date should be accelerated on account of this putative new law.

This Court is not aware of any law entitling federal prisoners to an automatic one-year reduction in sentence on account of being incarcerated during the Covid-19 pandemic.[1] In any event, Mr. Tate is seeking habeas relief in the wrong court. A petition for habeas corpus relief must be presented to the federal district court in the district in

---

[1] Mr. Tate may perhaps be referring to 18 U.S.C. § 3632(d)(4), which permits federal prisoners to earn up to 365 days in time credits towards their release from custody upon completion of evidence-based recidivism reduction programming or productive activities. That said, Mr. Tate does not allege that he has completed any such programming or activities.

1

which the petitioner is detained.  *See* 28 U.S.C. § 2241(a); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009) ("[T]he proper venue for filing a § 2241 petition is the district in which the prisoner is confined."). Mr. Tate is now detained in Colorado; he must seek habeas relief from the U.S. District Court for the District of Colorado, not the U.S. District Court for the District of Minnesota.

A habeas petition filed in the wrong district may be dismissed without prejudice or, "if it be in the interest of justice," transferred to the appropriate district.  *See* 28 U.S.C. § 1406(a).  This Court is skeptical that Mr. Tate can establish an entitlement to habeas corpus relief (indeed, this Court does not believe that the law which Mr. Tate believes entitles him to a one year sentence reduction even exists), but Mr. Tate's filing of this action in this District appears to have been motivated by a simple misunderstanding of where he should file a petition for a writ of habeas corpus: Mr. Tate was convicted and sentenced in this District, and he may have believed—reasonably, but wrongly—that he should therefore seek habeas corpus relief in this District.  The interests of justice dictate that Mr. Tate be given an opportunity to develop his habeas claim in the appropriate venue.  This Court will therefore recommend that this matter be transferred to the United States District Court for the District of Colorado pursuant to § 1406(a).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this matter be TRANSFERRED to the United States District Court for the District of Colorado.

Dated: April 5, 2023              _s/ John F. Docherty_
                                                JOHN F. DOCHERTY
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).